In re estate of GEORGE BRISTLE, JR., deceased.

[Argued May 24th, 1946. Decided September 13th, 1946.]

*Mr. Elmer G. Van Name,* for the appellants, Catherine Fleckenstein *et al.*

*Messrs. Norcross & Farr* (*Mr. Thomas M. Farr*), for the respondents Camden Trust Company and Frank S. Norcross.

*Mr. Edward T. Curry,* respondent *pro se.*

PER CURIAM.

The appeal is by some of the legatees under the last will and testament of George Bristle, Jr., deceased, from so much of a decree of the Prerogative Court as preserved the following allowances theretofore made in the Camden County Orphans Court: to the executor $16,946.85 commissions on the *corpus* of the estate, to Frank S. Norcross, proctor for the accountant, $6,000, and to Edward T. Curry, proctor for two legatees absent in the military service, $500.

The gross estate (*corpus*) for which the executor accounted was $484,195.94. The statutory authority for the allowance of commissions to the executor is in *R. S. 3:11–2* and provides as follows:

"Where the *corpus* receipts exceed fifty thousand dollars, the court * * * shall determine the *corpus* commissions of executors * * * on the intermediate or final settlement of their accounts according to the actual services rendered, and the commissions on *corpus* shall not exceed five per centum on all *corpus* which comes into their hands."

Obviously, the maximum commission was intended to be applied to administrations involving the maximum amount of trouble and risk. The executor's commissions herein were calculated at three and one-half per centum. This was not a difficult estate to settle. Of the total *corpus* mentioned above $107,349.50 was left by the decedent in bank accounts and cash. The bulk of the remaining assets consisted of unregistered high grade bonds. In so far as these were sold to meet the estate taxes and other money obligations of the estate, no problems were involved. A large part of the assets will pass to the executor as trustee. On such funds the accountant will, of course, receive further commissions, as trustee, when the time arrives. The balance of *corpus* left in the hands of the accountant for disposition as directed in the will was $308,641.18. As estates go, this one, for its size, entailed a simple administration. There could hardly have been less trouble and complication. The contention that this is a day of rising costs for services and commodities is met by the answer that the commissions reflect increased market values of the estate assets.

We conclude that the rate of commission should not have exceeded two and one-half per centum; so figured, the allowances would amount to something over $12,000—ample compensation for the actual services rendered.

The decree under appeal will be affirmed as to the allowances to Mr. Norcross and Mr. Curry but will be modified to provide for a calculation of the executor's commissions on *corpus* at the rate of two and one-half per centum.

The record will be remitted to the Prerogative Court for a modification of the decree in accordance with this opinion.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ.  14.